**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-1676-MSK-BNB

**MARIANNE ZBYLSKI,** and
**MARK ZBYLSKI**, as parents and next friends of **S.Z.**, a minor,

Plaintiffs,

v.

**DOUGLAS COUNTY SCHOOL DISTRICT,**
**PATRICIA DIERBERGER**, in her individual capacity, and
**JAMES MCMURPHY,** in his individual capacity,

Defendants.

_____

**PROTECTIVE ORDER**
_____

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential and proprietary information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.      This Protective Order shall apply to all documents, materials, videos and information, including without limitation, documents produced, Rule 26(a)(1) disclosures, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.      As used in this Protective Order, the term "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of

this term.

      3.      Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of (a) current or former School District employees, (b) current or former School District students, and (c) any other individual or entity from whom discovery may be sought with a recognized privacy interest in the requested materials. *See e.g.*, 22 U.S.C. §1232g and 34 C.F.R. §99.3 (concerning disclosure of personally identifiable information regarding students); C.R.S 24-72-204(3)(a)(II)(A), (concerning disclosure of personnel records), 45 C.F.R. § 164.512(e)(1)(ii)(A) and C.R.S. § 13-90-107(d) and (g) (concerning disclosure of a patient's medical records). CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation for and trial of this case.

      4.      "ATTORNEYS' EYES ONLY" information shall include only extremely sensitive "CONFIDENTIAL" information whose disclosure to another Party or nonparty would create a substantial risk of serious injury to common law and statutory privacy interests that could not be avoided by less restrictive means. In designating information as "ATTORNEYS' EYES ONLY," the Designating Person will make such designation only as to that information that the Designating Person in good faith believes requires heightened protection.

      5.      CONFIDENTIAL and ATTORNEYS EYES ONLY information shall not be Disclosed or used for any purpose except the preparation and trial of this case.

6. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this civil action;

(b) persons regularly employed by or associated with the attorneys actively working on this civil action whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this civil action;

(c) the parties (including designated representatives for each party);

(d) expert witnesses and consultants retained in connection with this civil action, to the extent such disclosure is necessary for preparation, trial or other proceedings in this civil action;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this civil action;

(g) deponents, witnesses, or potential witnesses to the extent reasonably necessary; and,

(h) other persons by written agreement of the parties.

7. "ATTORNEYS' EYES ONLY" documents, materials, and/or information (collectively "ATTORNEYS' EYES ONLY information") shall not, without the consent of the

party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    (a)    attorneys actively working on this civil action;

    (b)    persons regularly employed by or associated with the attorneys actively working on this civil action whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this civil action;

    (c)    the parties (including designated representatives for each party);

    (d)    expert witnesses and consultants retained in connection with this civil action, to the extent such disclosure is necessary for preparation, trial or other proceedings in this civil action;

    (e)    the Court and its employees ("Court Personnel");

    (f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this civil action;

    (g)    the author of the document or the original source of the information; and

    (h)    other persons by written agreement of the parties.

8.    Prior to disclosing any CONFIDENTIAL or ATTORNEYS' EYES ONLY information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, stenographic reporters, and copying and/or secretarial services engaged by attorneys), counsel shall provide such person with a copy of this Protective Order and obtain from such

person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to *in* camera review by the Court if good cause for review is demonstrated by opposing counsel.

9. Documents are designated as CONFIDENTIAL OR ATTORNEYS' EYES ONLY by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" Or "ATTORNEYS" EYES ONLY".

10. Whenever a deposition involves the disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY information, the deposition or portions thereof shall be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or ATTORNEYS' EYES ONLY after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

11. A party may object to the designation of particular CONFIDENTIAL or ATTORNEYS' EYES ONLY information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the

notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL OR ATTORNEYS' EYES ONLY to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or ATTORNEYS' EYES ONLY and shall not thereafter be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

12.   At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be returned to the party that so designated the document(s), or the parties may elect to destroy CONFIDENTIAL and ATTORNEYS' EYES ONLY documents. Where the parties agree to destroy CONFIDENTIAL and ATTORNEYS' EYES ONLY documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

13. **Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.** ~~The Parties agree to comply with D.C.COLO.LCivR 7.2 regarding motions to seal and procedures for non-electronic filing of papers and documents under seal.~~

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated September 17, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

Stipulated to by:

| | |
|---|---|
| s/Kimberly M. Hult | s/M. Gwyneth Whalen |
| Kimberly M. Hult | M. Gwyneth Whalen |
| Baine P. Kerr | W. Stuart Stuller |
| Hutchinson Black and Cook, LLC | Caplan and Earnest, LLC |
| 921 Walnut Street, Suite 200 | 1800 Broadway Street, Suite 200 |
| Boulder, CO 80302 | Boulder, CO 80302 |
| hult@hbcboulder.com | gwhalen@celaw.com |
| kerr@hbcboulder.com | sstuller@celaw.com |

COUNSEL FOR DEFENDANTS

Craig Silverman
Silverman and Olivas, P.C.
1331 17th Street, Suite 510
Denver, CO 80202
silverman@silvermanolivas.com

COUNSEL FOR PLAINTIFFS

**Exhibit A to Protective Order**

STATE OF _____ )
                               )ss
COUNTY OF _____ )

I, _____, being first duly sworn, state that:

1. I have received a copy of the Protective Order in case of **MARIANNE ZBYLSKI** and **MARK ZBYLSKI**, as parents and next friends of **S.Z.**, a minor v. **DOUGLAS COUNTY SCHOOL DISTRICT; PATRICIA DIERBERGER**, in her individual capacity; and **JAMES MCMURPHY,** in his individual capacity, United States District Court for the District of Colorado case number 14-cv-1676.

2. I understand that I can be held in contempt of court for violating the terms of the Protective Order and I submit to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcement of the Protective Order.

3. I have carefully read and understand the provisions of the Protective Order, and I will comply with all of its provisions.

_____

Subscribed and sworn to before me this _____ day of _____, 20___.

_____

Notary Public

*[seal]*